# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2519-20

B.R.B.,

    Plaintiff-Respondent,

v.

C.M.B.,

    Defendant-Appellant.

_____

Submitted February 17, 2022 – Decided March 2, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cape May County Docket No. FV-05-0365-21.

Anthony J. Harvatt, II, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff commenced this action, pursuant to the Prevention of Domestic

Violence Act, N.J.S.A. 2C:25-17 to -35, based on an allegation that defendant

harassed her by sending her a series of emails from fictitious email accounts he created questioning plaintiff about her new relationship, the baby she was expecting, and her current living arrangements. At the conclusion of a final hearing at which only plaintiff testified,[1] the judge rendered detailed findings of fact and entered a final restraining order (FRO) in plaintiff's favor.

On appeal, defendant argues the judge "erred in finding for the plaintiff and entering the [FRO] as the legal conclusions were manifestly unsupported by the competent relev[a]nt and reasonably credible evidence ad[d]uced below." We find insufficient merit in this argument to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Our review of a trial judge's fact-finding function is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). A judge's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

Deference is particularly warranted where, as here, "the evidence is largely testimonial and involves questions of credibility." Id. at 412 (quoting In re Return of Weapons of J.W.D., 149 N.J. 108, 117 (1997)). Such findings

---

[1] Defendant was represented by counsel at the hearing. Plaintiff represented herself.

A-2519-20

become binding on appeal because it is the trial judge who "sees and observes the witnesses," thereby possessing "a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). Therefore, we will not disturb a judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice. . . ." Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

The trial judge found plaintiff "inherently believable in her testimony." The judge's determination that defendant harassed plaintiff by sending her the alarming emails was squarely based upon plaintiff's credible testimony concerning the predicate acts, and her equally reliable testimony about defendant's prior history.

During a prior domestic violence proceeding between the parties, defendant admitted he knew who was sending plaintiff the disturbing communications and claimed he had told this person to stop doing so. However, the judge accepted plaintiff's testimony that only defendant had a motive to send her the emails, the emails continued after defendant stated he would stop them,

3

and the messages contained information about her that only defendant would know. We find no principled reason for second-guessing this determination.

After careful examination of the record, we are also satisfied that this same evidence more than amply demonstrated the judge's determination that plaintiff needed a FRO to protect her from further harassing communications. Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4